# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MURILLO-ESPARZA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BAR 20 DAIRY FARMS LLC,<br><br>　　　　Defendant. | Case No. 1:24-cv-01354-SAB<br><br>ORDER SCREENING COMPLAINT GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Jose Murillo-Esparza ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action on November 6, 2024. Plaintiff's complaint is currently before the Court for screening.

**I.**

**SCREENING REQUIREMENT**

Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a case at any time if the Court determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United

States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) ("[W]here the petitioner is *pro se*, particularly in civil rights cases, [courts should] construe the pleadings liberally and … afford the petitioner the benefit of any doubt" (quoting Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)).). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability … 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Id. Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names Bar 20 Dairy LLC as the sole defendant in this action. (ECF No. 1.)

Plaintiff states the basis for jurisdiction is federal question jurisdiction. (Id. at 5.) Plaintiff lists "wrongful termination, labor laws" as the federal statutes at issue in this action. (Id.) Despite indicating the case arises under federal question jurisdiction, Plaintiff also completes the amount in controversy form question for diversity jurisdiction. (Id. at 5.) Plaintiff states the amount in controversy is "$1.5 million worked for over 20+ years, + 1 year of no employment w/o employment." (Id.) (unedited).

Under statement of claim, Plaintiff writes: "1) wrongful termination; 2) emotional distress[;] 3) pain and suffering job was given to a relative of supervisor with less experience, Racism." (Id.) (unedited).

## III.

## DISCUSSION

### A.      Federal Rule of Civil Procedure 8

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citations and quotations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Plaintiff's allegations consist of vague and conclusory statements of "wrongful termination" and racism. As currently pled, Plaintiff's complaint does not contain enough factual details to permit the Court to draw the reasonable inference that Bar 20 Dairy LLC is

liable for any misconduct alleged. Iqbal, 556 U.S. at 678. Significantly, after naming Bar 20 Dairy LLC as a defendant, Plaintiff does not state any specific action that the entity Defendant took relating to the alleged wrongful termination, violation of unspecified labor laws, racism, or other misconduct.[1] For these reasons, Plaintiff's complaint does not comply with the requirements of Rule 8(a)(2). The Court will grant Plaintiff leave to file an amended complaint to allow Plaintiff to provide additional and specific factual details to the Court to state a cognizable claim.

### B. Diversity Jurisdiction and Federal Question Jurisdiction

Rule 8(a)(1) also requires a short and plain statement of the grounds for the Court's jurisdiction. Fed. R. Civ. P. 8(a)(1). Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Here, Plaintiff indicates his claims arise under federal question jurisdiction. However, Plaintiff also partially completed the portion of the form complaint for claims proceeding under diversity jurisdiction. The Court will therefore address each in turn.

#### 1. Diversity Jurisdiction

District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

Here, Plaintiff alleges the amount in controversy is $1.5 million, which exceeds the

---

[1] Plaintiff also alleges "emotional distress" and "pain and suffering"; however, it appears these allegations are alleged damages, not causes of action under which Plaintiff seeks relief.

4

1  $75,000 threshold requirement for diversity jurisdiction. (ECF No. 1 at 5.)  However, Plaintiff
2  alleges that he is a citizen of California and indicates that Bar 20 Dairy LLC is located in
3  California. (ECF No. 1 at 2.)  The Court notes that "a limited liability company 'is a citizen of
4  every state of which its owners/members are citizens,' not the state in which it was formed or
5  does business." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 612 (9th Cir. 2016) (quoting
6  Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)).  Thus, the
7  citizenship of each owner or member of Bar 20 Dairy LLC is required to establish diversity
8  jurisdiction.  As currently plead, diversity jurisdiction does not exist because Plaintiff and
9  Defendant Bar 20 Dairy LLC are both alleged to be citizens of the same state.

   2.   Federal Question Jurisdiction

11  Plaintiff also indicates jurisdiction in this action is based on a federal question.  Pursuant
12  to 28 U.S. C. § 1331, federal courts have original jurisdiction over "all civil actions arising under
13  the Constitution, laws, or treaties of the United States.  "A case 'arises under' federal law either
14  where federal law creates the cause of action or where the vindication of a right under state law
15  necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez,
16  277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd.
17  v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)).  "[T]he
18  presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint
19  rule,' which provides that federal jurisdiction exists only when a federal question is presented on
20  the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at
21  1089 (citations omitted).

22  Here, Plaintiff alleges federal question jurisdiction arises under "wrongful termination,
23  labor laws." (ECF No. 1 at 4.)  Plaintiff's complaint falls far short of complying with the well-
24  pleaded complaint rule.  However, should Plaintiff choose to amend his complaint, the Court
25  provides the following legal standards pertaining to wrongful termination and discrimination.

26  Under Title VII, an employer is prohibited from discriminating against any individual
27  because of the individual's race or color. Cornwell v. Electra Cent. Credit Union, 439 F.3d 1019,
28  1028 (9th Cir. 2006); see 42 U.S.C. § 2000e-2; see also Godwin v. Hunt Wesson, Inc., 150 F.3d

1217, 1219 (9th Cir. 1998), as amended (Aug. 11, 1998) (noting California law under California Fair Employment and Housing Act, California Government Code §§ 12900-12996 mirrors federal law under Title VII, thus a plaintiff can bring claims under both Title VII and FEHA). To establish a prima facie case under Title VII and FEHA, a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. Fonseca v. Sysco Food Services of Arizona, Inc., 374 F.3d 840, 847 (9th Cir. 2004).

Plaintiff's complaint contains insufficient facts and fails to state any cognizable claim for violation of Plaintiff's federal rights.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's complaint fails to state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to amend the complaint to cure the above-identified deficiencies to the extent Plaintiff is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927. Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff's first amended complaint must be filed within thirty (30) days, and is subject to the twenty-five (25) page limit set forth above.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order;

3. The first amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

4. <u>If Plaintiff fails to comply with this order, the Court will recommend to the District Judge that this action be dismissed, for failure to prosecute and failure to comply with a court order</u>.

IT IS SO ORDERED.

Dated: __**November 13, 2024**__

STANLEY A. BOONE
United States Magistrate Judge