1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9
10

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11 JOSE MURILLO-ESPARZA, | Case No. 1:24-cv-01354-SAB |
| 12     Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING |
| 13     v. | COMPLAINT FOR FAILURE TO STATE A CLAIM AND DISMISSING ACTION FOR |
| 14 BAR 20 DAIRY FARMS LLC, | FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE |
| 15     Defendant. | ORDER DIRECTING CLERK OF THE |
| 16 | COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE |
| 17 | (ECF Nos. 1, 4) |
| 18 | **FOURTEEN-DAY DEADLINE** |
| 19 | |

20        Jose Murillo-Esparza ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this

21 action on November 6, 2024 against Defendant Bar 20 Dairy Farms LLC.  On  November 13,

22 2024, a screening order issued finding Plaintiff had failed to state any cognizable claims and

23 granting Plaintiff leave to file a first amended complaint within thirty days.  (ECF No. 4.)  In the

24 November 13, 2024 order, Plaintiff was advised that if he failed to file an amended complaint, it

25 would be recommended that this action be dismissed for the reasons stated in the order.  (Id. at

26 7.)  More than thirty days have passed, and Plaintiff has not filed an amended complaint or

27 otherwise responded to the screening order.  For the following reasons, the Court recommends

28 the action be dismissed for failure to state a cognizable claim, failure to prosecute this action, and

1   failure to obey the Court's order to file an amended complaint.

2                                              **I.**

3                            **SCREENING REQUIREMENT**

4           Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a case at any

5   time if the Court determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim

6   on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

7   from such relief."  28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

8   2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by

9   prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma*

10  *pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United

11  States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma*

12  *pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir.

13  1998) (affirming *sua sponte* dismissal for failure to state a claim).

14          In determining whether a complaint fails to state a claim, the Court uses the same

15  pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a

16  short and plain statement of the claim showing that the pleader is entitled to relief…"  Fed. R.

17  Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the

18  elements of a cause of action, supported by mere conclusory statements, do not suffice."

19  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

20  544, 555 (2007)).

21          In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and

22  accept as true all factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89,

23  94 (2007); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) ("[W]here the

24  petitioner is *pro se*, particularly in civil rights cases, [courts should] construe the pleadings

25  liberally and … afford the petitioner the benefit of any doubt" (quoting Hebbe v. Pliler, 627 F.3d

26  338, 342 (9th Cir. 2010)).).  Although a court must accept as true all factual allegations contained

27  in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 556 U.S. at

28  678.  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability

                                                 2

1  … 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id.

2  (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual

3  content for the court to draw the reasonable conclusion that the defendant is liable for the

4  misconduct alleged. Id. Leave to amend may be granted to the extent that the deficiencies of the

5  complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

8  The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of

9  the *sua sponte* screening requirement under 28 U.S.C. § 1915.

10  Plaintiff names Bar 20 Dairy LLC as the sole defendant in this action. (ECF No. 1.)

11  Plaintiff states the basis for jurisdiction is federal question jurisdiction. (Id. at 5.) Plaintiff lists

12  "wrongful termination, labor laws" as the federal statutes at issue in this action. (Id.) Despite

13  indicating the case arises under federal question jurisdiction, Plaintiff also completes the amount

14  in controversy form question for diversity jurisdiction. (Id. at 5.) Plaintiff states the amount in

15  controversy is "$1.5 million worked for over 20+ years, + 1 year of no employment w/o

16  employment." (Id.) (unedited).

17  Under statement of claim, Plaintiff writes: "1) wrongful termination; 2) emotional

18  distress[;] 3) pain and suffering job was given to a relative of supervisor with less experience,

19  Racism." (Id.) (unedited).

## III.

## DISCUSSION

22  **A.     Failure to State a Claim**

23  1.     Federal Rule of Civil Procedure 8

24  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim

25  showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must

26  simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which

27  it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citations and quotations

28  omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements

1    of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S.

2    at 678 (citation omitted).  This is because, while factual allegations are accepted as true, legal

3    conclusions are not.  Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S. Secret Serv., 572

4    F.3d 962, 969 (9th Cir. 2009).  Therefore, Plaintiff must set forth "sufficient factual matter,

5    accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678

6    (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads

7    factual content that allows the court to draw the reasonable inference that the defendant is liable

8    for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

9        Plaintiff's allegations consist of vague and conclusory statements of "wrongful

10   termination" and racism.  As currently pled, Plaintiff's complaint does not contain enough

11   factual details to permit the Court to draw the reasonable inference that Bar 20 Dairy LLC is

12   liable for any misconduct alleged.  Iqbal, 556 U.S. at 678.  Significantly, after naming Bar 20

13   Dairy LLC as a defendant, Plaintiff does not state any specific action that the entity Defendant

14   took relating to the alleged wrongful termination, violation of unspecified labor laws, racism, or

15   other misconduct.[1]  For these reasons, Plaintiff's complaint does not comply with the

16   requirements of Rule 8(a)(2).

17            2.      Diversity Jurisdiction and Federal Question Jurisdiction

18        Rule 8(a)(1) requires a short and plain statement of the grounds for the Court's

19   jurisdiction. Fed. R. Civ. P. 8(a)(1).  Federal courts are courts of limited jurisdiction and their

20   power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009

21   (9th Cir. 2000).  Federal courts are presumptively without jurisdiction over civil actions, and the

22   burden to establish the contrary rests upon the party asserting jurisdiction.  Kokkonen v.

23   Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  Generally, there are two bases for subject

24   matter jurisdiction: federal question jurisdiction and diversity jurisdiction.  28 U.S.C. §§ 1331,

25   1332.  Here, Plaintiff indicates his claims arise under federal question jurisdiction.  However,

26   Plaintiff also partially completed the portion of the form complaint for claims proceeding under

27

28

---

[1] Plaintiff also alleges "emotional distress" and "pain and suffering"; however, it appears these allegations are alleged damages, not causes of action under which Plaintiff seeks relief.

1    diversity jurisdiction.   The Court will therefore address each in turn.

2         **a.    Diversity Jurisdiction**

3         District courts have original jurisdiction of all civil actions between citizens of different

4    States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of

5    interest and costs." 28 U.S.C. § 1332(a).  This requires complete diversity of citizenship and the

6    presence "of a single plaintiff from the same State as a single defendant deprives the district

7    court of original diversity jurisdiction over the entire action."  Abrego Abrego v. The Dow

8    Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

9         Here, Plaintiff alleges the amount in controversy is $1.5 million, which exceeds the

10   $75,000 threshold requirement for diversity jurisdiction. (ECF No. 1 at 5.)  However, Plaintiff

11   alleges that he is a citizen of California and indicates that Bar 20 Dairy LLC is located in

12   California.[2]  (Id. at 2.)   As currently plead, diversity jurisdiction does not exist because Plaintiff

13   and Defendant Bar 20 Dairy LLC are both alleged to be citizens of the same state.

14        **b.    Federal Question Jurisdiction**

15        Plaintiff also indicates jurisdiction in this action is based on a federal question.  Pursuant

16   to 28 U.S. C. § 1331, federal courts have original jurisdiction over "all civil actions arising under

17   the Constitution, laws, or treaties of the United States.  "A case 'arises under' federal law either

18   where federal law creates the cause of action or where the vindication of a right under state law

19   necessarily turns on some construction of federal law."  Republican Party of Guam v. Gutierrez,

20   277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd.

21   v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)).   "[T]he

22   presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

23   rule,' which provides that federal jurisdiction exists only when a federal question is presented on

24   the face of the plaintiff's properly pleaded complaint."  Republican Party of Guam, 277 F.3d at

25   1089 (citations omitted).

26   _____

27   [2] The Court notes that "a limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business."  NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606,

28   612 (9th Cir. 2016) (quoting Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)).  Thus, the citizenship of each owner or member of Bar 20 Dairy LLC is required to establish diversity jurisdiction.

1    Here, Plaintiff generally alleges federal question jurisdiction arises under "wrongful

2  termination, labor laws." (ECF No. 1 at 4.)  This falls far short of complying with the well-

3  pleaded complaint rule.  Because the complaint contains insufficient facts and does not state

4  which federal right has been violated, the Court finds Plaintiff fails to state a cognizable claim

5  against Defendant Bar 20 Dairy LLC.

6         **B.    Plaintiff's Failure to Prosecute and Comply with a Court Order**

7         Additionally, the Court should dismiss the action due to Plaintiff's failure to comply with

8  a Court order and failure to prosecute.  Plaintiff has failed to comply with the November 13,

9  2024 order granting him leave to file an amended complaint.  A court may dismiss an action

10 based on a party's failure to prosecute an action, failure to obey a court order, or failure to

11 comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995)

12 (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th

13 Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v.

14 King, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule

15 requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Serv., 833

16 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v.

17 Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to

18 comply with local rules).  Where a plaintiff fails to file an amended complaint after being

19 provided with leave to amend to cure the failure to state a claim, a district court may dismiss the

20 entire action.  Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005).

21        In determining whether to dismiss an action for failure to comply with a pretrial order,

22 the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the

23 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

24 policy favoring disposition of cases on their merits; and (5) the availability of less drastic

25 sanctions." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir.

26 2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).

27 These factors guide a court in deciding what to do; they are not conditions that must be met in

28 order for a court to take action.  In re Phenylpropanolamine, 460 F.3d at 1226.

1    In this instance, the public's interest in expeditious resolution of the litigation and the

2  Court's need to manage its docket weigh in favor of dismissal.  Id.  Plaintiff was ordered to file

3  an amended complaint to cure the deficiencies that were identified in his complaint within thirty

4  days of November 13, 2024.  Plaintiff has been provided with legal standards that may apply to

5  his claims for "wrongful termination, labor laws" and the opportunity to file an amended

6  complaint.  Plaintiff has neither filed an amended complaint nor otherwise responded to the

7  Court's order.  Plaintiff's failure to comply with the orders of the Court hinders the Court's

8  ability to move this action towards disposition and indicates that Plaintiff does not intend to

9  diligently litigate this action.

10    Since it appears that Plaintiff does not intend to litigate this action diligently there arises a

11  rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447,

12  1452–53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of

13  dismissal.

14    The public policy in favor of deciding cases on their merits is greatly outweighed by the

15  factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This

16  action can proceed no further without Plaintiff's cooperation and compliance with the order at

17  issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  In this

18  instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

19    Finally, a court's warning to a party that their failure to obey the court's order will result

20  in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262;

21  Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.  The Court's November 13, 2024 order

22  allowing Plaintiff the opportunity to file an amended complaint expressly stated: "If Plaintiff

23  fails to file an amended complaint in compliance with this order, the Court will recommend to a

24  District Judge that this action be dismissed consistent with the reasons stated in this order."

25  (ECF No. 4 at 7.)  Thus, Plaintiff had adequate warning that dismissal of this action would result

26  from his noncompliance with the Court's order and his failure to state a claim.  Accordingly,

27  Plaintiff's noncompliance warrants dismissal.

28  / / /

1

**IV.**

2

**CONCLUSION AND RECOMMENDATION**

3      Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, without

4 prejudice, for Plaintiff's failure to state a claim, failure to prosecute, and failure to comply with a

5 court order.

6      These findings and recommendations are submitted to the district judge assigned to this

7 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within fourteen**

8 **(14) days** of service of this recommendation, Plaintiff may file written objections to these

9 findings and recommendations with the Court limited to 15 pages in length, including any

10 exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and

11 Recommendations." The district judge will review the magistrate judge's findings and

12 recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file

13 objections within the specified time may result in the waiver of rights on appeal. Wilkerson v.

14 Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th

15 Cir. 1991)).

16      IT IS FURTHER ORDERED that the Clerk of the Court is DIRECTED to randomly

17 assign this matter to a District Judge.

18

19 IT IS SO ORDERED.

20 Dated:   **December 18, 2024**

                                        STANLEY A. BOONE

21                                   United States Magistrate Judge

22

23

24

25

26

27

28