# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MURILLO-ESPARZA,<br><br>Plaintiff,<br><br>v.<br><br>BAR 20 DAIRY FARMS LLC,<br><br>Defendant. | Case No. 1:24-cv-01354-KES-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF Nos. 4, 11) |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action raising employment discrimination claims under Title VII. (ECF No. 1.) On November 13, 2024, the Court screened the complaint, pursuant to 28 U.S.C. § 1915, and found that it failed to state a claim for which relief could be granted. (ECF No. 4.) The Court explained the deficiencies in the complaint and directed Plaintiff to file an amended complaint within 30 days of receiving the Court's order. (Id.) Plaintiff failed to file an amended complaint or anything otherwise, and on December 18, 2024, the Court issued findings and recommendations recommending that a district judge dismiss this action for failure to state a claim, failure to comply with a court order, and failure to prosecute. (ECF No. 6.) On December 18, 2024, Plaintiff filed a motion for an extension of time to comply with the Court's order, and the Court vacated its findings and recommendations. (ECF Nos. 7, 8.) The Court gave Plaintiff an additional 30 days to file an amended complaint. (ECF No. 8.) Plaintiff again failed to file an amended complaint or anything otherwise.

On January 27, 2025, the Court issued an order to show cause directing Plaintiff to show cause in writing why this action should not be dismissed for failure to comply with a court order

1 and failure to prosecute. (ECF No. 9.) On February 10, 2025, Plaintiff timely filed a response,
2 indicating that he had been unable to secure an attorney and asked whether the Court knew of
3 any resources. (ECF No. 10.) On February 11, 2025, the Court found Plaintiff's response
4 sufficient to discharge the order to show cause, informed Plaintiff that the Court could not
5 provide legal advice, and directed Plaintiff to the District Court's website resource for *pro se*
6 plaintiffs. (ECF No. 11.) The Court then gave Plaintiff an additional 30 days to file an amended
7 complaint and admonished Plaintiff that "**Should Plaintiff fail to file an amended complaint or**
8 **otherwise fail to comply with this order, the Court will—without further notice to**
9 **Plaintiff—issue a recommendation to dismiss this action, without prejudice, for failure to**
10 **state a claim for relief, failure to prosecute, and/or failure to comply with a court order.**"
11 (Id.) (emphasis in original).

12 More than 30 days have passed, and Plaintiff has still failed to file an amended
13 complaint, despite the Court's February 11, 2025 order. The Court will now recommend that
14 this matter be dismissed for failure to state a claim, failure to prosecute, as well as failure to
15 comply with the Court's February 11, 2025 order. (ECF Nos. 4, 11.)

**I.**

**DISCUSSION**

18 To begin with, the Court incorporates here its finding and conclusions from its November
19 13, 20204 screening order, which concluded that the complaint failed to state a claim. (ECF
20 No. 4.) Accordingly, on that basis alone, this matter should be dismissed. 28 U.S.C. §
21 1915(e)(2); see Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte*
22 dismissal for failure to state a claim).

23 In addition, Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss
24 an action when a litigant fails to prosecute an action or fails to comply with a court order. See
25 Fed. R. Civ. P. 41(b); see also Applied Underwriters v. Lichtenegger, 913 F.3d 884, 889 (9th Cir.
26 2019) (citations omitted); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689
27 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts
28 may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Similarly,

Local Rule 110 permits courts to impose sanctions on a party who fails to comply with a court order.  Further, the procedural rules that govern this Court are to be "construed, administered and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Before dismissing an action under Fed. R. Civ. P. 41, a court must consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. See Applied Underwriters, 913 F.3d at 890 (noting that these five factors "must be considered" before a Rule 41 involuntarily dismissal); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (reviewing the five factors and independently reviewing the record because the district court did not make finding as to each). But see Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same but noting the court need not make explicit findings as to each); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al." as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

Upon review of the above-stated factors, the Court finds dismissal of the action is warranted.  The expeditious resolution of litigation is deemed to be in the public interest. Yourish v. California Amplifier, 191 F.3d 983, 990-91 (9th Cir. 1999).  Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated.  Given Plaintiff has failed to respond to the Court's February 11, 2025 order, the Court's time is better spent on other matters than needlessly consumed managing a case with a recalcitrant litigant.  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." Pagtalunan v. Galaza, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where the petitioner failed to timely respond to court order, noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges"). Delays have the inevitable and

inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. See Sibron v. New York, 392 U.S. 40, 57 (1968). The instant dismissal is a dismissal without prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

In sum, this case cannot linger indefinitely on this Court's already overburdened docket. A dismissal of this action for failure to prosecute and failure to comply with court orders is in accord with Ninth Circuit precedent as well precedent governing Rule 41 dismissals. It appears Plaintiff has abandoned this action, and Plaintiff's failure to respond to the Court's order warrants the sanction of dismissal without prejudice under the circumstances.

## II.

## ORDER AND RECOMMENDATIONS

Accordingly, it HEREBY RECOMMENDED that this case be dismissed without prejudice for failure to state a claim, failure to prosecute this action, and/or failure to comply with the Court's order under Fed. R. Civ. P. 41 and Local Rule 110.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 24, 2025**

STANLEY A. BOONE
United States Magistrate Judge