# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MURILLO-ESPARZA,<br><br>Plaintiff,<br><br>v.<br><br>BAR 20 DAIRY FARMS LLC,<br><br>Defendant. | Case No. 1:24-cv-01354-SAB<br><br>ORDER VACATING MARCH 24, 2025 FINDINGS AND RECOMMENDATIONS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS ACTION<br><br>(ECF Nos. 12, 13) |

Jose Murillo-Esparza ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action on November 6, 2024. The Court screened the complaint and determined that though it appeared Plaintiff might be asserting claims under Title VII or the FEHA, Plaintiff had failed to state a claim for which relief could be granted. (ECF No. 4.) The Court allowed Plaintiff to file an amended complaint and gave Plaintiff a 30-day deadline. (Id.) Plaintiff failed to timely file an amended complaint, and on December 18, 2024, the Court issued findings and recommendations recommending that this matter be dismissed for failure to state a claim, failure to comply with a court order, and failure to prosecute. (ECF No. 6.) Later that same day, Plaintiff moved for an extension of time to comply with the Court's screening order. (ECF No. 7.) The Court vacated its findings and recommendations and granted Plaintiff 30 days to file an amended complaint. (ECF No. 8.) Plaintiff again failed to timely file an amended complaint,

1

1 and on January 27, 2025, the Court issued an order to show cause, requiring Plaintiff to show
2 cause why this action should not be dismissed. (ECF No. 9.) Plaintiff timely responded,
3 informing the Court that Plaintiff was still attempting to hire counsel and asking the Court for
4 resources. (ECF No. 10.) On February 11, 2025, the Court discharged the order to show cause,
5 explained that the Court could not give legal advice, directed Plaintiff to the Eastern District of
6 California's online resource page for *pro se* litigants, and granted Plaintiff an additional 30 days
7 to file an amended complaint. (ECF No. 11.) Plaintiff did not file a timely amended complaint.
8 On March 24, 2025, the Court again issued findings and recommendations, recommending that
9 this action be dismissed for failure to state a claim, failure to comply with a court order, and
10 failure to failure to prosecute. (ECF No. 12.) The Court informed Plaintiff that he had fourteen
11 days to file any objections. (Id.) On April 3, 2025, Plaintiff filed an amended complaint. (ECF
12 No. 13.)

13 In light of the forgoing, the Court will discharge its March 24, 2025 findings and
14 recommendations, screen the amended complaint, and issue new findings and recommendations,
15 recommending that this action be dismissed.

**I.**

**SCREENING REQUIREMENT**

18 Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a case at any
19 time if the Court determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim
20 on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune
21 from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.
22 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by
23 prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma*
24 *pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United
25 States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma*
26 *pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir.
27 1998) (affirming *sua sponte* dismissal for failure to state a claim).

28 In determining whether a complaint fails to state a claim, the Court uses the same

pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…"  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) ("[W]here the petitioner is *pro se*, particularly in civil rights cases, [courts should] construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt"), quoting Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)).  Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 556 U.S. at 678.  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id., quoting Twombly, 550 U.S. at 557.  Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged.  Id.  Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## AMENDED COMPLAINT ALLEGATIONS

Plaintiff names Bar 20 Dairy LLC as the sole defendant in this action.  (ECF No. 13.) Plaintiff states the basis for jurisdiction is federal question and that the basis for federal question jurisdiction is "termination from employment [un]justified."  (Id. at pp. 4-5.)  Plaintiff alleges that the amount in controversy is 1.5 million dollars for "all those years invested with the company."  (Id. at p. 5.)

Plaintiff then explains, "I was laid off for winter on 12.1.23 with a return date of 3.11.24.

1  When shown up to work, I was verbally informed there was no more work for me and did not get
2  written notice until 3.18.24. I was the only permanent employee laid off." (Id.) For relief,
3  Plaintiff states that he is "asking for compensation due to the termination of my employment.
4  Have not been able to find another job." (Id. at p. 6.)

### III.

### DISCUSSION

#### A.   Federal Rule of Civil Procedure 8

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citations and quotations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 556.

Plaintiff's allegations consist only of the conclusory statements regarding unjustified termination. As currently pleaded, Plaintiff's amended complaint does not contain enough factual details to permit the Court to draw the reasonable inference that Bar 20 Dairy LLC is liable for any misconduct alleged. Iqbal, 556 U.S. at 678. Significantly, after naming Bar 20 Dairy LLC as a defendant, Plaintiff does not state any specific action that the entity Defendant took relating to the alleged wrongful termination, violation of unspecified labor laws, or other misconduct. For these reasons, Plaintiff's complaint does not comply with the requirements of Rule 8(a)(2).

**B.     Jurisdiction**

Rule 8(a)(1) also requires a short and plain statement of the grounds for the Court's jurisdiction. Fed. R. Civ. P. 8(a)(1). Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Here, Plaintiff indicates his claims arise under federal question jurisdiction.

Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted), quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

Here, Plaintiff alleges federal question jurisdiction arises under "termination from employment [un]justified." (ECF No. 1, p. 4.) In its previous screening order, the Court explained to Plaintiff that, given his allegations, it appeared that he might be attempting to assert a claim under Title VII and/or the FEHA, both of which would provide a basis for federal question jurisdiction. Additionally, the Court provided Plaintiff with the appropriate legal standards. (ECF No. 4.) However, based on the allegations in the amended complaint, it has become even more implausible for the Court to construe Plaintiff as bringing a claim under Title VII or the FEHA. Therefore, Plaintiff has also failed to sufficiently allege that this Court has jurisdiction.

### C. Leave to Amend

Generally, Federal Rule of Civil Procedure 15 advises courts that "leave shall be freely given when justice so requires." This policy is "to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001), quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990). The Supreme Court of the United States has offered the following factors that a district court should consider in deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). While in this Circuit prejudice carries the greatest weight among these factors, "a strong showing of any of the remaining Foman factors" can support dismissal with prejudice. Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

The Court finds that leave to amend would be futile in this matter. The Court liberally construed Plaintiff's allegations in its original screening order and observed that Plaintiff might be attempting to assert claims under Title VII and/or the FHEA. (ECF No. 4.) The Court then gave Plaintiff the legal elements that Plaintiff would need to plead for a Title VII and/or FHEA claim. (Id.) The also Court explained the pleading deficiencies, including jurisdictional issues. (Id.) Since its screening order, the Court has been generous with Plaintiff regarding his failure to comply with court orders and, at times, failure to prosecute. (See ECF Nos. 8, 11.) In total, Plaintiff has had over four months to file an amended complaint, and it contains even less allegations that the original complaint. (Compare ECF No. 1 with ECF No. 13.) The Court is unsure what more it could do to explain to Plaintiff how to state a claim in a further amended complaint. Therefore, leave to amend would be futile. Moreover, the Court cannot overlook Plaintiff's repeated delay in complying with court orders and filing his amended complaint. These factors together support dismissing this action.

///

///

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's amended complaint fails to state a cognizable claim for relief. Accordingly, IT IS HEREBY RECOMMENDED that this matter be dismissed without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 10, 2025**

STANLEY A. BOONE
United States Magistrate Judge